UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL HORTON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAINE & WEINER COMPANY, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:21-cv-01160-W-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE SCHEDULING DATES**<br><br>**[ECF No. 52]** |

　　　Before the Court is the parties' Joint Motion to Continue Scheduling Dates, filed on March 17, 2022. ECF No. 52. The parties seek to extend all remaining dates in the case schedule by approximately six months, to avoid expending resources on discovery practice while Defendant's summary judgment motion is pending. *See id.* at 3-4.

　　　Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *See also* ECF No. 30 ¶ 20 (providing that the dates in the Case Management Order would not be modified "except for good cause shown"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, Defendant filed its summary judgment motion on January 5, 2022, and the Court has assigned a hearing date of April 11, 2022. *See* ECF Nos. 34, 46, 51. Defendant's motion is premised on the argument that Plaintiff's claims in this case are foreclosed by a previous settlement agreement—i.e., a threshold question that does not require substantive discovery on the merits of Plaintiff's claims. Therefore, the parties explain that they have made "agreements not to conduct discovery against the parties during the pendency of the dispositive motion[.]" ECF No. 52 at 4. Specifically, Plaintiff has "limited her discovery to the merits of [Defendant's] Motion for Summary Judgment . . . in a good faith effort to limit attorneys' fees and costs[,]" and "Defendant also agreed to limit discovery to third-party discovery" while the motion is pending. *Id.* at 3. The parties reason that the summary judgment motion will likely be resolved on or around May 9, 2022, or four weeks after the assigned hearing date. *Id.* Based on this estimation, the parties ask that the fact discovery cutoff date of April 4, 2022 be extended by six months to October 4, 2022, to allow for approximately five months of fact discovery should the case proceed, and that all subsequent deadlines in the case schedule be extended by approximately six months as well. *Id.* at 5.

Upon due consideration, the Court finds the parties have not established good cause to grant the requested six-month extension. The parties have failed to make any showing that the existing deadlines cannot be met despite their diligence. Indeed, the parties acknowledge that they have made an agreement not to conduct discovery while the summary judgment motion is pending—that is, an agreement ***not*** to be diligent. While the Court understands the parties' proffered rationale that they wish to conserve resources

during the pendency of Defendant's dispositive motion, such an approach simply does not satisfy the showing of diligence that is central to the good cause inquiry. Moreover, the discovery in this case should be relatively simple, particularly considering that information has already been produced related to Plaintiff's claims against defendants in the related case that was settled previously. Plaintiff's claims in both cases stem from incidents that occurred nearly six years ago, and Plaintiff first disputed the accuracy of her credit report in March 2020, now two years ago. Given these circumstances, the Court is not persuaded that the parties should continue to delay discovery while the pending motion is decided.

Notwithstanding this determination, the Court recognizes that the existing fact discovery deadline is fast approaching. In light of the parties' agreements to refrain from conducting discovery into the merits thus far, the Court does find good cause to grant a modest approximatey 45-day extension of the existing deadlines. Accordingly, the Joint Motion is **GRANTED in part**. The operative case schedule is **AMENDED** as follows:

1. All fact discovery shall be completed by all parties by **May 19, 2022**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three

proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. The parties shall designate their respective experts in writing by **June 20, 2022**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **July 21, 2022**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **June 20, 2022**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **July 21, 2022**.

5. All expert discovery shall be completed by all parties by **August 19, 2022**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed by **September 23, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

8. Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c). Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

9. Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1(f)(6)(b). The proposed pretrial order shall comply with Civil Local Rule 16.1(f)(6) and the Standing Order in Civil Cases issued by the assigned district judge.

10. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **December 23, 2023**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

11. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **December 30, 2023**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **January 9, 2023**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **January 16, 2023**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14. In addition to submitting the proposed final pretrial conference order, the parties are further ordered to separately submit informal letter briefs, not exceeding two single spaced pages, served on opposing counsel and received in the chambers of Judge Thomas J. Whelan, United States District Judge (and not filed with the Clerk's Office) by 2:30 p.m. on **January 16, 2023**.

The letter brief should be a relatively informal and straightforward document. The letter brief should outline a short, concise and objective factual summary of the party's case in chief, the number of hours/days each party intends to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming in from out

of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed motions in limine that may be filed, precisely when the parties would be prepared to submit their in limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and voir dire issues, either party's preference as to what date(s) the trial should begin and any other pertinent information that either party may deem useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Thomas J. Whelan** on **January 23, 2023** at **10:30 AM**.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. The Mandatory Settlement Conference scheduled before Magistrate Judge Allison H. Goddard on October 25, 2022 and all related deadlines remain in place.

**IT IS SO ORDERED.**

Dated: March 18, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge