UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL HORTON,<br><br>                            Plaintiff,<br>v.<br>CAINE & WEINER COMPANY, INC.,<br><br>                           Defendant. | Case No.: 3:21-cv-01160-W-AHG<br><br>**ORDER RESOLVING JOINT MOTION FOR RESOLUTION OF DISCOVERY DISPUTE**<br><br>**[ECF No. 67]** |

This matter comes before the Court on the parties' Joint Motion for Resolution of Discovery Dispute ("Joint Motion"). ECF No. 67. Although the Court required the parties to submit their briefing in a single filing, the Court treats the Joint Motion as Plaintiff's motion to compel Defendant's responses to Plaintiff's Requests for Production of Documents (Set Two) ("Net Worth RFPs").

**I.    BACKGROUND**

Plaintiff Rachel Horton served her Net Worth RFPs on Defendant Caine & Weiner Company, Inc. ("Defendant") on March 22, 2022. ECF No. 67-1. In the requests for production at issue, Plaintiff requested that Defendant produce (1) all of its profit and loss statements for the past five years (RFP No. 25); (2) all of its cash flow statements for the past five years (RFP No. 26); (3) all of its balance sheets for the past five years (RFP No.

27); (4) all of its tax returns for the past five years (RFP No. 28); (5) all of its account receivables for the past five years (RFP No. 29); (6) all of its account payables for the past five years (RFP No. 30); and (7) all of its aging reports for the past five years (RFP No. 31). *See id.* In response, Defendant refused to produce any responsive documents and objected to all six Net Worth RFPs on various grounds, including relevance, financial privacy, and that the requests were vague and ambiguous. ECF No. 67-2.

Following unsuccessful meet-and-confer efforts, the parties sought court intervention to resolve the dispute, and the instant Joint Motion followed on June 28, 2022. In the Joint Motion, Defendant conceded that information regarding its net worth was relevant and discoverable, but continued to object to producing the documents requested in the Net Worth RFPs, instead offering to produce its 2020 and 2021 Annual Accountant Review. ECF No. 67 at 10-11. Defendant explains that these documents contain all of the information in its balance sheet, cash flow statement, and profit and loss statement for 2020 and 2021, which is sufficient to establish its net worth.

After reviewing the parties' positions in the Joint Motion, the Court determined the issue was ripe for hearing and accordingly held a motion hearing on July 27, 2022. ECF No. 71. During the hearing, the Court issued its tentative ruling and allowed the parties an opportunity to present oral argument. This Order memorializes the Court's ruling during the hearing.

**II.    DISCUSSION**

As discussed during the hearing, the parties should continue to meet and confer. Although Defendant has volunteered to produce its 2020 and 2021 Annual Accountant Review to Plaintiff, it has not yet done so, as needed for Plaintiff to evaluate whether she still needs more information to meet her burden to present evidence of Defendant's financial condition in connection with her punitive damages claim. Therefore, Defendant must produce the 2020 and 2021 Annual Accountant Reviews to Plaintiff by **July 29, 2022**.

Plaintiff's counsel must review Defendant's 2020 and 2021 Annual Accountant Review and contact defense counsel no later than **August 12, 2022** to notify her whether

the information in those documents is sufficient to assess Defendant's financial condition and to present competent evidence of the same to support Plaintiff's punitive damages claim, or whether Plaintiff believes more information is still needed. Plaintiff's counsel shall copy the Court on the email at efile_goddard@casd.uscourts.gov.

If Plaintiff believes more information is needed, counsel should continue to meet and confer and may request an additional conference with the Court if they remain at an impasse.

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion to compel responses to its Net Worth RFPs is **DENIED without prejudice**. Defendant is **ORDERED** to produce its 2020 and 2021 Annual Accountant Reviews to Plaintiff by **July 29, 2022**. Plaintiff's counsel shall review the information therein and assess whether additional information is needed to competently evaluate Defendant's financial condition and net worth in connection with Plaintiff's punitive damages claim, and must notify defense counsel and the Court of the outcome of that assessment by **August 12, 2022**.

If the parties remain at an impasse after additional meet-and-confer efforts, Plaintiff may request a further conference with the Court to seek to compel any other necessary net worth information from Defendant.

**IT IS SO ORDERED.**

Dated: July 27, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge